IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DERAN M. FORD**                                                                                         **PLAINTIFF**

v.                                       **CASE NO. 4:23-CV-00064-BSM**

**SOUTHEAST ARKANSAS ECONOMIC
DEVELOPMENT DISTRICT, INC.**                                                          **DEFENDANT**

## ORDER

Deran Ford's motion in limine [Doc. No. 38] is granted and Southeast Arkansas Economic Development District, Inc.'s motion in limine [Doc. No. 41] is granted in part and denied in part.

Ford's motion in limine is granted because it appears that introduction of Ford's serial involvement in litigation would be irrelevant and prejudicial. Introduction of evidence of the prior employment discrimination cases against the City of Little Rock in 2000, 2001, and 2005 would be irrelevant and prejudicial because of the time gap between those lawsuits and this current one. *See Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380–81 (8th Cir. 2008) (probative value of evidence that employee had filed prior discrimination suit was substantially outweighed by its unfair prejudice in Title VII action, and district court thus abused its discretion in admitting evidence of prior suit as other acts evidence, in that charge of litigiousness was serious, and probative value of prior suit, which was filed six years earlier, was minimal). And introduction of evidence of Ford's recent medical malpractice, wrongful death, and personal injury claims, as well as his recent defenses against debt collectors, would also be irrelevant and prejudicial because those claims are not similar to

Ford's claims in this lawsuit. *See Shannon v. Koehler*, No. C 08-4059-MWB, 2011 WL 10483363, at *15 (N.D. Iowa Sept. 16, 2011) (other act evidence "not similar enough to what happened here to have probative value for any purpose").

The district's motion in limine is granted in part on its request that Ford not introduce evidence of other lawsuits or administrative claims filed against the district after the district fired Ford because it appears those claims are not relevant to Ford's claims. *See Ward v. Smith*, No. 10-3398-CV-S-ODS, 2015 WL 1499053, at *7 (W.D. Mo. Apr. 1, 2015) ("evidence regarding other civil rights lawsuits has limited, if any, bearing on whether Plaintiff's civil rights were violated in this case").

The district's motion in limine is denied in part on its request that Ford not introduce evidence related to the district's relationship with Pine Bluff Trucking because while it is true that Ford's Arkansas Whistle-Blower Act claim was dismissed, it was dismissed because it was time-barred. Evidence of the district's relationship with Pine Bluff Trucking may be relevant to Ford's retaliation claim because Ford complained about discrimination at Pine Bluff Trucking. *Cf. Strata Solar, LLC v. Fall Line Constr., LLC Arch Ins. Co.*, 683 F. Supp. 3d 503, 521 (E.D. Va. 2023) (subcontractor pleaded facts sufficient to demonstrate it engaged in protected conduct based on contractor's alleged abuse of subcontractor's black employees and its suspension of subcontractor from the project after subcontractor complained about racial discrimination).

For these reasons, Ford's motion in limine is granted and the district's motion in limine is granted in part and denied in part.

IT IS SO ORDERED this 26th day of February, 2025.

                                                         UNITED STATES DISTRICT JUDGE